James M. Kaup, #10198
KAUP LAW OFFICE
214 SW 6th Ave., Suite 306
Topeka, KS 66603
785-235-1111

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MEGAN K. MOTT,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 12-cv-2728 KHV/JPO |
| **PHYSICIANS REFERENCE LABORATORY, LLC,** | ) ) ) ) |
| Defendant | ) ) |

### COMPLAINT

COMES NOW the Plaintiff, Megan K. Mott, by and through her counsel James M. Kaup of the Kaup Law Office, and for her Complaint against the Defendant, hereby alleges and states as follows:

### JURISDICTION AND VENUE

1. This is an employment case based upon and arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., as amended ("ADA"), and the Kansas Act Against Discrimination, K.S.A. 44-1001, *et seq*. ("KAAD").

2. The Court has personal and subject matter jurisdiction of this action pursuant to the provisions of 28 U.S.C.A. § 1331.

3. Venue in the United States District Court for the District of Kansas is founded upon 28 U.S.C.A. § 1391, because the Plaintiff resides in this judicial district and all unlawful employment practices complained of in this Complaint occurred in the State of Kansas.

## THE PARTIES

4. The Plaintiff, Megan Mott, is a resident of Overland Park, Johnson County, Kansas.

5. The Defendant, Physicians Reference Laboratory, LLC, is a corporation registered to do business in the State of Kansas and is organized under the laws of the State of Missouri. Defendant may be served with process through its registered agent, S.M. Registered Agent Kansas, Inc., that is located at 4701 College Boulevard, Suite 107, Leawood, Kansas, 66211.

## PROCEDURAL REQUIREMENTS

6. Within 180 days after the alleged unlawful employment practice alleged herein, Plaintiff Mott filed a charge of discrimination with the Equal Employment Opportunity Commission and also the Kansas Human Rights Commission that satisfies the requirements of the ADA and the Kansas Act Against Discrimination.

7. The charge of discrimination was timely filed and included the discrimination complained of in this Complaint.

8. On August 16, 2012, the EEOC issued its Notice of Right to Sue and Plaintiff Mott has filed her Complaint within ninety (90) days of the receipt of such notification.

## ALLEGATIONS COMMON TO ALL COUNTS

9. On March 13, 2006, Plaintiff began her employment with Defendant at its Overland Park, Kansas, central laboratory. Defendant is a healthcare laboratory which performs

blood, bodily fluid and tissue pathology examinations and testing for hospitals and other health care providers. Defendant employs numerous Board Certified Pathologists.

10. Plaintiff's initial position when employed by Defendant was as a Specimen Accessioner. In April 2007 she was promoted to Referral Processor. In August 2007 she was promoted to a Laboratory Assistant I position and held that position until her October 13, 2011, termination by Defendant.

11. On April 12, 2011, Plaintiff was diagnosed with multiple sclerosis. On that same date she told Defendant's Director of Laboratory Operations, Verlene Miller, and her Supervisor, Nicole Johnson, of that diagnosis.

12. During periods of time in April and June 2011 Plaintiff took Family Medical Leave Act leave attributable to her multiple sclerosis at the direction of her doctor.

13. During August through October 13, 2011, Plaintiff worked her regular night shifts.

14. Between the date of April 12, 2011, when Plaintiff informed Defendant of her multiple sclerosis, and October 13, 2011, when she was terminated, Plaintiff applied for a number of positions at Defendant's workplace, including: Central Accessioning Supervisor, Administrative Specialist, and Clinical Data Entry. For only one of those positions was Plaintiff given an interview. For positions she applied for prior to disclosing her multiple sclerosis Plaintiff had been given interviews.

15. During Plaintiff's night shift of October 10-11, 2011, she answered a phone call from one of the hospital clients of Defendant. The call was placed by a nurse at Northland LTAC in Kansas City, Missouri. The nurse told Plaintiff she was calling Defendant at the

direction of a doctor who was inquiring why the hospital had not received the results on blood specimens sent to Defendant for testing.

16. Although Plaintiff played no role in receiving or processing the blood samples at issue, she determined that those samples arrived at Defendant's facility unlabeled and therefore the blood cultures were cancelled. Plaintiff then confirmed the cancellation, and the reason therefore, to the Northland LTAC nurse, who then told Plaintiff that Northland LTAC and Defendant had an agreement under which Northland was to receive telephone notification of cancelled specimens, that no such call had been placed to Northland and that Northland requested that an entry be made on the final report of the specimen that Northland was not called by Defendant to inform Northland of the cancelled specimens.

17. Plaintiff consulted with Defendant's Lead Technologist, Mandy Trull, on the Northland LTAC request. Ms. Trull told Plaintiff to make an entry on the final report that no telephone notification was given, and to further document the client complaint, and response, on Defendant's internal complaint form. In addition Plaintiff sent that internal client complaint form to Defendant's Director of Laboratory Operations, Verlene Miller.

18. On or about October 12, 2011, Plaintiff was informed by Lead Technologist Mandy Trull that she had been told by Defendant's Supervisor of Laboratory Operations, Nicole Johnson, that the contract Defendant had with Northland LTAC did not require telephone notice of a cancelled specimen, and that Plaintiff's truthful acknowledgement that no telephone notice was given could allegedly result in potential liability for Defendant. Plaintiff responded that notices posted in the workplace were the basis for her understanding that telephone calls to Northland LTAC were to be placed in cases of cancelled specimens. She further stated that she believed that was the understanding of other staff who handled specimens.

19. On October 13, 2011, Plaintiff told Teresa Smith, Defendant's Chemistry Laboratory Supervisor, that her doctor had ordered bed rest relating to her multiple sclerosis. Within several hours of that conversation Plaintiff was terminated.

20. The Defendant's acts and practices described herein were intentional and were performed with malice and reckless indifference to the Plaintiff's protected rights under state and federal law.

21. Since the date of her termination, Plaintiff Mott has suffered loss of wages, loss of fringe benefits, and she has and will continue to suffer embarrassment, humiliation, and emotional distress.

22. At all times relevant hereto, the Defendant is liable for the acts and practices of its employees, agents and representatives under the legal theory of *respondeat superior*.

## COUNT I
## THE AMERICANS WITH DISABILITIES ACT

23. Plaintiff incorporates by reference all the allegations contained in paragraphs numbered 1 through 22 as if fully stated herein.

24. The Defendant is a "covered entity," as that term is defined in the ADA.

25. At all times relevant hereto, Plaintiff has a "disability," as that term is defined in § 3 of the ADA, and is "a qualified individual with a disability," as defined in the ADA.

26. Plaintiff has been diagnosed with multiple sclerosis, a physical impairment which substantially limits the major life activities of walking, breathing, lifting, sleeping, concentrating, and climbing. At all times relevant hereto, the Defendant was aware of Plaintiff's disability.

27. As a result of the Plaintiff's disability Plaintiff was subjected to retaliatory actions, including termination of her employment.

28. The Defendant intentionally discriminated against Plaintiff Mott based upon her disability, or for reasons arising from discrimination on account of her disability, or because of exercising rights protected by the ADA, when it denied her opportunities for job advancements and when it terminated Plaintiff from her employment without just cause and based upon her disability. Defendant's stated reason for terminating Plaintiff is pretextual.

29. The Defendant's acts and employment practices alleged in this Complaint resulted in the wrongful termination of Plaintiff Mott in violation of the ADA.

30. As a direct and proximate result of the intentional discriminatory acts and practices of the Defendant, Plaintiff Mott has suffered and continues to suffer substantial economic losses and injury, including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, costs associated with obtaining reemployment, embarrassment, damage to her reputation, and other past and future pecuniary losses.

**WHEREFORE,** Plaintiff Mott prays for judgment against the Defendant as follows:

A. Declaring that the acts and practices complained of here are in violation of the Plaintiff's rights as secured by the ADA;

B. Requiring the Defendant to reinstate the Plaintiff to a position of equal duties and responsibilities, with equal pay and benefits, as the Plaintiff would have received but for the discriminatory misconduct, or in the alternative, for an award of damages for her injuries;

C. Awarding the Plaintiff back pay, interest, and appropriate recovery for lost employment benefits, liquidated damages, and other affirmative relief as may be appropriate under the ADA;

D. Permanently enjoining the Defendant, including its owners, officers, management personnel, employees, agents, successors, and assigns, from any conduct violating the Plaintiff's rights as secured by the ADA;

E. The Defendant pay all attorney fees;

F. The Defendant pay all costs and expenses for bringing and maintaining this action;

G. The Defendant pay prejudgment interest and post-judgment interest at the highest rate allowed by law; and

H. For such other and appropriate relief as this Court deems just, equitable and proper.

## COUNT II
## THE KANSAS ACT AGAINST DISCRIMINATION

31. Plaintiff incorporates by reference all the allegations contained in paragraphs numbered 1 through 30 as if fully stated herein.

32. Plaintiff has a disability as that term is defined under K.S.A. 44-1002 of the Kansas Act Against Discrimination, and is a member of a protected class based upon her disability.

33. Based upon the Plaintiff's disability, the Defendant has unlawfully discriminated against the Plaintiff by discharging her, in violation of the Kansas Act Against Discrimination, K.S.A. 44-1001, *et seq*.

34. As a direct and proximate result of the Defendant's willful and malicious discrimination, in violation of the Kansas Act Against Discrimination, K.S.A. 44-1001, *et seq*.,

Plaintiff has lost wages and will continue to lose such wages, plus the value of other benefits of employment.

35. As a direct and proximate result of the Defendant's violative misconduct under the Kansas Act Against Discrimination, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

A. The above-mentioned acts and practices be declared in violation of the Kansas Act Against Discrimination;

B. The Defendant and its employees, agents and/or representatives be enjoined from these and other violative practices;

C. The Defendant pay all damages;

D. The Defendant pay all attorney fees;

E. The Defendant pay all costs and expenses for bringing and maintaining this action;

F. The Defendant pay prejudgment interest and post-judgment interest at the highest rate allowed by law; and

G. Such other and appropriate relief as this Court deems just, equitable and proper.

Respectfully submitted,

/s/ James M. Kaup
James M. Kaup                                    #10198
KAUP LAW OFFICE
214 SW 6th Ave., Suite 306
Topeka, KS 66603
TEL:  785-235-1111
FAX: 785-235-1141
Email:  kaup@kauplawoffice.com

ATTORNEY FOR PLAINTIFF MOTT

## REQUEST FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38, Plaintiff Mott hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ James M. Kaup
James M. Kaup                    #10198
KAUP LAW OFFICE
214 SW 6th Ave., Suite 306
Topeka, KS 66603
TEL:  785-235-1111
FAX: 785-235-1141
Email:  kaup@kauplawoffice.com

ATTORNEY FOR PLAINTIFF MOTT

## DESIGNATION OF PLACE OF TRIAL

Plaintiff Mott hereby designates Kansas City, Kansas, as the location for the trial in this matter.

Respectfully submitted,

/s/ James M. Kaup
James M. Kaup                    #10198
KAUP LAW OFFICE
214 SW 6th Ave., Suite 306
Topeka, KS 66603
TEL:  785-235-1111
FAX: 785-235-1141
Email:  kaup@kauplawoffice.com

ATTORNEY FOR PLAINTIFF MOTT